IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BETH MAUK                           \*

v.                                       \*       Civil No. – JFM-15-1034

MARYLAND DEPARTMENT OF     \*
NATURAL RESOURCES             \*

\*\*\*\*\*\*

## MEMORANDUM

Beth Mauk has brought this action for employment discrimination against the Maryland Department of Natural Resources and the Secretary of that department, Mark J. Belton. Defendants have filed a motion to dismiss or for summary judgment. The motion will be treated as one to dismiss and, as such, will be granted.

Mauk alleges that in 2010 she filed an internal grievance against Major Mike Sewell of the Maryland Natural Resources police charging that he failed to consider her for a promotion because of her gender. Plaintiff alleges that thereafter she was subjected to retaliation, specifically being subjected to disciplinary actions. None of the charges against plaintiff were sustained and she never suffered any change in position because of the pendency of the disciplinary proceedings. Nevertheless, she filed charges of retaliation with the Maryland Commission on Civil Rights and the EEOC.

The Maryland Commission on Civil Rights found that her rights were not violated, and the EEOC adopted the findings of the Maryland Commission on Civil Rights. Absent from plaintiff's allegations is an allegation that she suffered an adverse employment action because of the alleged retaliatory actions of the Maryland Department of Natural Resources. That is an

1

essential element of any employment discrimination claim. *See Balazs v. Liebenthal*, 32 F.3d 151, 158-59 (4th Cir. 1994). This is as it should be. If an adverse employment action is taken against an employee, an agency or court reviewing that decision in confronted with an adjudicated fact that it is competent to handle. Here, to the contrary, where no adverse employment action has been taken, a reviewing agency or court is dealing only with a management process and is being asked to interfere with the employer's own decision making process. It is not appropriate that the reviewing agency or court assume the responsibility for determining in the first instance whether disciplinary action should be taken against an employee.

A separate order treating defendant's motion as one to dismiss and granting it as such is being entered herewith.

Date: November 30, 2015

J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 NOV 30 AM 11:20
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY